1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DEJOHN,                          No. 1:17-cv-01289-DAD-JLT

12              Plaintiff,

13        v.                                  ORDER GRANTING MOTION TO DISMISS
                                              WITHOUT LEAVE TO AMEND AND
14   UNITED STATES DEPARTMENT OF              WITHOUT PREJUDICE
     AGRICULTURE,
15                                            (Doc. No. 5)
                Defendant.
16

17

18        This case is currently before the court on defendant's motion to dismiss for lack of

19   jurisdiction. (Doc. No. 5.) A hearing was held on November 21, 2017, at which plaintiff

20   appeared on his own behalf and Assistant United States Attorney Joseph Frueh appeared on

21   behalf of the defendant. For the reasons that follow, the court will grant defendant's motion to

22   dismiss.

23                                      **BACKGROUND**

24        Plaintiff alleges that, while fighting the Erskine Fire in June 2017, a large U.S. Forest

25   Service tanker truck drove onto his land to access a water source. (Doc. No. 1-1 at 11.) In doing

26   so, the Forest Service truck crushed his underground plastic septic tank, which now leaks sewage.

27   (*Id.*) The estimated cost of repairing it is $5,498.85, which is what plaintiff seeks in damages.

28   (*Id.*)

1

1    Plaintiff filed a small claims actions against defendant United States Department of

2    Agriculture in the Kern County Superior Court on August 29, 2017.  (*Id.* at 4.)  Defendant

3    removed the case to this federal court on September 28, 2017.  (Doc. No. 1.)  The motion to

4    dismiss now pending before the court was filed by defendant on October 5, 2017.  (Doc. No. 5.)

5    Plaintiff filed an opposition on November 9, 2017.  (Doc. No. 7.)  Defendant filed a reply on

6    November 14, 2017.  (Doc. No. 8.)

7                                    **LEGAL STANDARD**

8        A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ.

9    P. 12(b)(1).  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins.*

10   *Co. of Am.*, 511 U.S. 375, 377 (1994).  Because of this, "[i]t is to be presumed that a cause lies

11   outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

12   asserting jurisdiction."  *Id.* (internal citations omitted).  However, removal jurisdiction under

13   § 1442 is to be construed "broadly in favor of removal."[1]  *Durham v. Lockheed Martin Corp.*, 445

14   F.3d 1247, 1252 (9th Cir. 2006).

15       Challenges to jurisdiction may be either facial or factual in nature.  *San Luis & Delta-*

16   *Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012).

17   A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they

18   'are insufficient on their face to invoke federal jurisdiction.'"  *Leite v. Crane Co.*, 749 F.3d 1117,

19   1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

20   /////

---

21   [1]  Defendant asserts that in this case the burden is on plaintiff to demonstrate subject matter
22   jurisdiction.  (Doc. No. 5-1 at 2–3.)  However, it is the party invoking jurisdiction—here, the
     removing defendant—who generally bears the burden of demonstrating subject matter
23   jurisdiction.  *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The
     'strong presumption against removal jurisdiction means that the defendant always has the burden
24   of establishing that removal is proper.'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
     1992)); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("the removing party
25   bears the initial burden of establishing federal jurisdiction under § 1332(d)(2)"); *Matheson v.*
     *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Emrich v. Touche Ross &*
26   *Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  While the posture of the case is atypical—since the
     party invoking this court's jurisdiction also asserts jurisdiction is lacking, and § 1442 removals
27   are construed more broadly than those under § 1441—the ultimate burden on the issue of this
28   court's jurisdiction nonetheless lies on defendant as both the moving and the removing party.

2

2004)).  Meanwhile, a factual attack "contests the truth of the plaintiff's factual allegations,

usually by introducing evidence outside the pleadings." *Id.*

**ANALYSIS**

Defendant argues that the court must dismiss this action because it lacks jurisdiction under

the doctrine of derivative jurisdiction.  (Doc. No. 5-1 at 3.)  The doctrine of derivative jurisdiction

provides that "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the

federal court acquires none [upon removal], although it might in a like suit originally brought

there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382

(1922); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Minnesota v. United*

*States*, 305 U.S. 382, 389 (1939).  Where, for instance, a suit is removed to federal court because

it involves a federal officer, the federal court exercises "a purely derivative form of jurisdiction,

neither enlarging nor contracting the rights of the parties." *Manypenny*, 451 U.S. at 242 n.17; *see*

*also In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *Ethridge v. Harbor House*

*Rest.*, 861 F.2d 1389, 1392 n.3 (9th Cir. 1988).  The most common application of this doctrine

appears to occur, ironically, where the federal court has exclusive jurisdiction.  *See* Barry A.

Lindahl, 1 Modern Tort Law: Liability and Litigation § 14:16 (2d ed. 2017) ("[A]n action

otherwise within the original and exclusive jurisdiction of the federal district court cannot be

removed thereto because the state court could not have had subject-matter jurisdiction over such

an action.").

Congress abolished the doctrine of derivative jurisdiction for all removal of actions under

28 U.S.C. § 1441 in 1986.  *See* 28 U.S.C. § 1441(f); *Ethridge*, 861 F.2d at 1392 n.3.  Courts have

noted that "[t]he language is crystal clear," and the doctrine has been expressly abolished for

removals under § 1441.  *Bermudez v. U.S. Dep't of Housing and Urban Dev.*, 84 F. Supp. 2d

1094, 1095 (C.D. Cal. 2000).  Moreover, various courts have noted strong reasons in favor of the

complete abolition of the derivative jurisdiction doctrine—primarily that it makes little sense to

dismiss a case for lack of jurisdiction because it was removed to the federal court that has

exclusive jurisdiction.  *North Dakota v. Fredericks*, 940 F.2d 333, 336 (8th Cir. 1991) ("The only

effect . . . was to multiply proceedings.  This kind of rigmarole is unworthy of a civilized judicial

system."); *Lou v. Belzberg*, 834 F.2d 730, 735 n.2 (9th Cir. 1987) ("One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction.") (quoting *Washington v. Am. League of Prof'l Baseball Clubs*, 460 F.2d 654 658–59 (9th Cir. 1972)); *see also Fredericks*, 940 F.2d at 337–38 ("The derivative-jurisdiction doctrine owes its origin to nothing whatever in the removal statutes themselves, but rather to the formalistic conception, entirely divorced from reality, that a case originally filed in a court without jurisdiction is doomed to be a nullity forever, even after transfer to a completely different forum.").

Nonetheless, in moving to dismiss this action defendant maintains that the doctrine of derivative jurisdiction was not abolished for removals under 28 U.S.C. § 1442. Indeed, the authority suggests this is indeed the law of this Circuit, any prior criticisms of the doctrine notwithstanding. *See Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (reversing and remanding case under the derivative jurisdiction doctrine because district court should have dismissed the case rather than remanding it to state court); *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1182–83 (C.D. Cal. 2008) ("[T]he derivative jurisdiction doctrine is alive and well and applies to 28 U.S.C. § 1442 removals."); *FBI v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1090–91 (N.D. Cal. 2007); *see also Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 245–46 (4th Cir. 2007). *But see Rodas v. Seidlin*, 656 F.3d 610, 619–25 (7th Cir. 2011) (concluding that, while the derivative jurisdiction doctrine continues to exist under § 1442, it is a procedural rather than jurisdictional defect that does not prohibit removal); *Fredericks*, 940 F.2d at 337–38 ("Accordingly, we hold that the doctrine of derivative jurisdiction, as applied to defeat removals, should be abandoned completely.").

/////
/////
/////
/////
/////
/////

4

1    Defendant elected to remove this case pursuant to 28 U.S.C. § 1442(a)(1).  (Doc. No. 1.)

2    The Federal Tort Claims Act ("FTCA"), under which plaintiff's claims are presumably brought[2],

3    reserves exclusive jurisdiction for civil actions for property damages to the federal courts.  *See* 28

4    U.S.C. § 1346(b) (giving the district courts "exclusive jurisdiction of civil actions on claims

5    against the United States, for money damages . . . for injury or loss of property"); *Jerves v. United*

6    *States*, 966 F.2d 517, 518 (9th Cir. 1992) (holding the FTCA "vests the federal district courts with

7    exclusive jurisdiction over suits arising from the negligence of Government employees"); *Fed.*

8    *Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1017 (7th Cir. 1969).  Therefore, the state court

9    lacked jurisdiction over this action.  Under these circumstances, this court is bound by the law of

10   this Circuit and must dismiss this case.

11   /////

12   /////

13   /////

14   /////

15   /////

16   /////

17   ─────────────

18   2  Plaintiff did not file a traditional "complaint" and never specifically invoked the FTCA in his
     state court claim form filed in the small claims division of the Kern County Superior Court.
     (Doc. No. 1-1 at 4–6.)  However, this court can and does recharacterize plaintiff's claims under

19   the "artful pleading" doctrine. *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477,
     279 (9th Cir. 1990) ("Under the 'artful pleading' doctrine,    . . . a court may recharacterize a

20   plaintiff's claims as federal if 'the particular conduct complained of [is] governed exclusively by
     federal law.'") (quoting *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1984)).  Claims

21   against federal agencies such as the U.S. Department of Agriculture may only be brought under
     the FTCA. *See Villegas v. United States*, 926 F. Supp. 2d 1185, 1204 (E.D. Wash. 2013) ("[T]he

22   FTCA unequivocally provides the exclusive source of subject matter jurisdiction, waiver of
     sovereign immunity, and remedies for tort claims against federal agencies or officials.").  A

23   complaint filed under the FTCA in state court is also removable under 28 U.S.C. § 1441(a),

24   because it presents a federal question over which the district court would have had original
     jurisdiction. *See* 28 U.S.C. §§ 1331, 1441; *Quezada v. Bogle*, No. 1:07-cv-01260-AWI-SMS,

25   2007 WL 3335011, at *1 (E.D. Cal. Nov. 8, 2007) (observing United States removed case under
     § 1441 because claims were governed by the FTCA); *Asahara v. Correa*, No. 06-00051 SOM-

26   KSC, 2006 WL 1343646, at *2 (D. Haw. May 12, 2006) (same).  Again, the doctrine of
     derivative jurisdiction has been abolished by statute for removals under § 1441. *See* 28 U.S.C.

27   § 1441(f).  Unfortunately, the court is unaware of any authority allowing it to construe this case as

28   being removed under a different statute than the one which defendant chose to invoke.

**CONCLUSION**

For the reasons given above:

1. Defendant's motion to dismiss this case for lack of jurisdiction (Doc. No. 5) is granted

2. This action is dismissed without leave to amend but without prejudice[3]; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**November 29, 2017**__ _____

UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is advised that he is not barred by this order from bringing an action in federal court raising the same claim or claims. In order to state a cognizable claim in federal court under the FTCA, plaintiff will need to allege the following elements: (1) the claim is brought against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) "caused by the negligent or wrongful act or omission of any employee of the Government"; (5) "while acting within the scope of his office or employment"; and (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

6